GRACEY, JUDGE:
On April 28, 1986, claimants Jarvy G. Marcum and Roy Paul Messer were travelling on County Route 41 through Cabwaylingo State Park in Wayne County. Claimant Marcum was operating his 1980 Ford Tempo and approached a bridge which was a steel structure with a double planked wooden deck. As the automobile proceeded onto the bridge, it suddenly stopped. Both claimants sustained injuries and the automobile was damaged. Claimant Marcum seeks an award of $25,000.00 for his injuries, medical expenses, pain and suffering, and the amount of his insurance deductible with reference to the damage to his automobile. Claimant Messer seeks an award of $50,000.00 for his injuries, medical expenses, pain and suffering, and for loss of earnings.
Claimants determined that the automobile was brought to a stop on the bridge when a timber, which was a part of the bridge deck, split and came up through the floorboard of the automobile, extending approximately 18 inches into the automobile. The timbers were placed on the deck parallel with the bridge. Each timber was approximately eight inches wide and two and one-half to three inches thick. Claimants allege that respondent was negligent in its maintenance of the bridge.
Respondent contends that the bridge in question is a small, one-lane bridge on a secondary road which is considered a local service road. The average daily traffic count at that time was 350 vehicles per day. The respondent also contends that it did not have notice that there was any problem with the bridge prior to the claimants’ accident. Respondent's last inspection of the bridge, prior to the accident, was in September 1984, and several timbers were replaced on November 30, 1984.
Claimant Marcum testified that he frequently travelled over County Route 41 as he lived approximately one mile from this particular bridge. He had noticed that the floor boards on the bridge decks of the bridges along this route would split with the exception of the bridges which had been replaced with steel mesh, cement and steel. Although he had seen the condition of the boards, he state that it had not occurred to him that a board would split and come up through the floorboard of his automobile. He also testified that about a year before the incident herein he had made a complaint to employees of the respondent concerning the condition of the bridges; however, the complaint was general in nature and was not specifically about the bridge, which is the subject matter of this claim.
The State is neither an insurer nor a guarantor of the safety of travellers on its highways. Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to charge respondent with negligence, actual or constructive notice of the defect is required. This Court has held in prior claims that respondent's failure to discover the condition of a bridge may constitute negligence. *151 White vs. Dept. of Highways, 15 Ct.Cl. 269 (1985); Eller vs. Dept. of Highways, 13 Ct.Cl. 155 (1980); and Williams vs. Dept. of Highways, 11 Ct.Cl. 263 (1977).
It is reasonable to assume that a wooden bridge deck may deteriorate with the result that timbers split and then pose a hazard to the travelling public. Respondent is responsible for inspecting and maintaining bridges in the State such that the bridges do not pose a problem for the travelling public.
The travelling public proceeding on the State's bridges is not expected to assume that the bridge is unsafe. Rather, the public assumes that the bridges are safe unless barricades or other warning devices are present. Claimants reasonably anticipated that they would cross the bridge safely even though the bridge was not in the best state of repair. They could not anticipate that a loose timber would suddenly pierce the floorboard of the automobile in which they were crossing the bridge.
Claimant Marcum was transported to St. Mary's Hospital in Huntington where he remained through April 30, 1986. He wore a soft collar for six days. He also underwent dental work at the Huntington Veteran's Hospital which was necessitated by reason of the accident. His medical expenses were $1,960.62. He had a deductible which he paid for the damages to his automobile which he estimated to be $200.00 or $500.00.
Claimant Messer sustained injuries to the right side of his head and to his shoulder. He was transported to the emergency room of St. Mary's Hospital in Huntington. He wore a neck collar for 25 to 30 days. He received follow-up medical care from Dr. Hossein Sakhai. He was returned to work for approximately two weeks but was unable to perform as needed due to pain. He attempted several other jobs, but he has been unable to work due to the pain which he experiences when he does physical labor. His medical expenses were $3,321.11.
The Court is of the opinion that the respondent was negligent in the maintenance of the bridge. Therefore, the Court is disposed to make awards to the claimants as follows: award of $7,200.00 to claimant Jarvy G. Marcum and award of $10,000.00 to claimant Roy Paul Messer.
Award of $7,200.00 to Jarvy G. Marcum.
Award of $10,000.00 to Roy Paul Messer.